IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WUBALEM G.GEBREMEDHIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:12-cv-1045 |
| | ) |
| WHIRLPOOL CORPORATION, | )    Judge Trauger |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff Wubalem Gebremedhin has filed a *pro se* complaint purporting to assert a claim of employment discrimination under Title VII of the Civil Rights Act, against his former employer, Whirlpool Corporation. Before the court is the plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). Because it appears from the plaintiff's application that he lacks sufficient financial resources from which to pay the full fee required for the filing of a civil complaint, the application is **GRANTED**, and the Clerk is **DIRECTED** to file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint, or any claim asserted therein, to the extent it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In the form complaint submitted by Mr. Gebrehedhin, the plaintiff wrote "yes" in the blank beside the words "failed to employ Plaintiff," and "no" next to "terminated Plaintiff's employment." (ECF No. 1, at 3.) He explains:

> I didnt know when the Whirlpool put bad record on me until I found out from Legal Aid that I had bad record with they therefore I am seeking assistance why am I a bad worker through Whirpool but when I was working for they I was a good worker.

(ECF No. 1, at 3.)

> The plaintiff further states:
>
> Whirlpool I cannot believe they charge me bad judgment and everything else. I was okay behind me through company but now I cannot even find the job with other employers because of my bad reference with Whirlpool. Anyone no one tells me group leader or supervisor department manager or general manager I am a bad worker. I am asking you to justice. 12-18-2007 after I am seek to found a job because of my bad reference through today 10-12-2012.

(ECF No. 1, at 3.)

> The EEOC charge attached to the complaint states the allegations with somewhat more clarity:
>
> Since the closing of Whirlpool in 2008 bad references have been given on me to prospective employers. The most recent incident was June 14, 2012 when I applied for work at Walmart. I had been an employee with Whirlpool since 2000 as a refrigerator operator.
>
> When I went to Legal Aid of TN about the matter I was advised that Whirlpool was against me.
>
> I believe I have been and continue to be discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, but I don't know why.

(ECF No. 1, at 5.) In the space on the EEOC charge for the plaintiff to check a box to indicate on what basis the employer discriminated against him, the plaintiff checked "Other (specify)," but without so specifying. (*Id.*) In other words, he did not check a box to indicate that the alleged discrimination was based on race, color, religion, national origin, retaliation, age, or any other suspect classification recognized by federal law. In the EEOC's Dismissal and Notice of Rights, the EEOC stated that it was closing its file on the plaintiff's charge because "[t]he facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC." (ECF No. 1, at 7.)

This court concurs with that finding. In the absence of any allegation of discrimination on the basis of race, color, sex, religion, national origin, retaliation, age, disability or other suspect classification, the plaintiff fails to state a colorable claim under Title VII.

The complaint is therefore **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

It is so **ORDERED**.

                                                                       Aleta A. Trauger
                                                                       United States District Judge